United States District Court
Southern District of Texas
**ENTERED**
June 04, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-17-0580-1 |
| | § | |
| LEONEL ESPINOSA-BRAVO | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Leonel Espinosa-Bravo, a federal prisoner, filed a *pro se* motion for a compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A).  (Docket Entry No. 117.)

Having considered the motion, the record, matters of public record, and the applicable law, the Court DENIES the motion for a compassionate release without prejudice, as shown below.

### Background and Claims

Defendant is a 42-year-old male prisoner currently confined at the Bureau of Prisons ("BOP") privately-managed North Lake CI, a medium-to-maximum security facility in Michigan.  Defendant pleaded guilty on May 16, 2018, to aiding and abetting, the possession with intent to distribute a controlled substance, namely 50 grams or more of methamphetamine.  (Docket Entry No. 99.)  The Court sentenced him to 135 months' imprisonment on October 18, 2018, of which he has served approximately 32 months, or less than 25% of the sentence imposed.  BOP records indicate that defendant's anticipated date of release is June 11, 2027.

Defendant is an undocumented alien from El Salvador who is unlawfully residing within the United States.  The record shows that United States Immigration and Customs Enforcement ("ICE") lodged a detainer against him in 2017 due to pending proceedings for his deportation to El Salvador.  (Docket Entry No. 73, p. 2.)

Defendant claims that he was previously diagnosed with diabetes at a prior BOP facility and is not receiving treatment at the North Lake CI.  He contends that being a middle-aged diabetic leaves him at high risk for death or serious illness from COVID-19.  He further states that his wife, who is also an undocumented alien living within the United States, and three children need his assistance and financial support.  He asks the Court to reduce his sentence to time served and release him from prison.

Defendant has not established exhaustion of administrative remedies, and his motion must be dismissed without prejudice for failure to exhaust.  However, even assuming exhaustion, defendant demonstrates no extraordinary and compelling reasons for a compassionate release.

### *Legal Standards*

Defendant brings this motion for sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances.  Under the current version of the statute, a motion may be made by either the Director of the BOP or by a prisoner after the prisoner has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A).  Compassionate release provisions under

2

section 3582(c)(1)(A) authorize a court to modify a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction."

The United States Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. However, the Fifth Circuit Court of Appeals recently held that the Sentencing Commission's compassionate release policy statement does not bind district courts in considering motions brought by prisoners under 18 U.S.C. § 3582(C)(1)(A). *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. April 7, 2021). Accordingly, the district courts are free to determine whether a defendant's particular medical condition or other situation constitutes extraordinary and compelling reasons for a compassionate release. *See United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. Sept. 4, 2020); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court."). A defendant in a section 3582(c)(1)(A) motion has the burden to establish that relief is warranted in his or her case.

The court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to

reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner.  18 U.S.C. § 3553(a).

Thus, a defendant may be eligible for a compassionate release under section 3582(c)(1)(A) if the court finds "extraordinary and compelling reasons" warrant a sentence reduction and that the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

### *Exhaustion*

Defendant claims that he exhausted his administrative remedies prior to filing this motion.  However, he provides no documentation establishing exhaustion.  Consequently, the Court DENIES relief without prejudice, premised on failure to exhaust.  *See United States v. Franco*, 973 F.3d 465 (5th Cir. 2020) (holding that the statutory requirement that a defendant file a request with the BOP before filing a motion for compassionate release in federal court "is not jurisdictional but that it is mandatory").

However, even assuming exhaustion, defendant does not establish extraordinary and compelling reasons warranting a compassionate release, as shown below.

### *Extraordinary and Compelling Reasons*

Defendant argues that his age and diabetic condition leave him at high risk for death or serious illness should he contract COVID-19 while imprisoned.  The Centers for Disease Control and Prevention (the "CDC") currently advises that having either type 1 or type 2

diabetes can make individuals more likely to get severely ill from COVID-19.[1]  On the other hand, the CDC does not advise that being 42-years of age can make an individual more likely to get severely ill from COVID-19.

However, nothing in the record establishes that defendant has been diagnosed with diabetes.  To the contrary, the June 2018 PSR in this case reported defendant as having no history of health related problems or being on any prescription medications at that time. (Docket Entry No. 73, ¶ 47.)  Although defendant expresses general concerns regarding the COVID-19 pandemic, the Fifth Circuit holds that fear of COVID-19, standing alone, does not warrant a compassionate release.  *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021).  Thus, defendant's age and unsupported allegation of having diabetes do not constitute extraordinary and compelling reasons warranting a compassionate release.  Nor does defendant's assertion that his wife and three children need his attention and financial support constitute an extraordinary and compelling reason for reducing his sentence to time served.  The inability to be with and provide support for their families is a concern held in common by convicted prisoners everywhere, and is neither an extraordinary nor compelling reason for relief.

Further, defendant does not show an increased risk of serious illness or death from COVID-19 due to his confinement at North Lake CI.  The facility currently reports having

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed on July 3, 2021).

no prisoners with positive COVID-19 test results and two reported inmate COVID-19 deaths. A total of 123 prisoners have recovered from COVID-19 infections at the facility.[2]  Although defendant expresses legitimate and common concerns regarding COVID-19, he does not establish that his facility cannot manage an outbreak or that the facility could not treat him if he were to contract the virus.  Moreover, the BOP reports that it is working with the CDC and the federal government's COVID-19 Vaccine/Therapeutics Operation to ensure the BOP remains prepared to receive and administer the COVID-19 vaccine as it is made available. The BOP has received 190,224 doses and administered 186,453 doses of the COVID-19 vaccine as of June 3, 2021.[3]

Moreover, ICE determined in 2017 that defendant was an undocumented alien, and a detainer was filed against him due to pending deportation proceedings. (Docket Entry No. 73, ¶ 42; p. 2.)  Thus, if this Court were to grant defendant a compassionate release and reduce his sentence to time served, he would be transferred to ICE custody to await deportation to El Salvador.  Defendant does not argue, much less show, that his risk of exposure to COVID-19 while in ICE detention would be less than his current level of risk. Further, the CDC travel advisory website currently indicates a Level 3 Advisory ("High Level of COVID-19") for El Salvador.   The Advisory warns that, "Because of the current

---

[2]*See* https://www.bop.gov/coronavirus/  (accessed on June 3, 2021).

[3]*See* https://www.bop.gov/coronavirus/ "COVID-19 Vaccine Implementation" (accessed on June 3, 2021).

situation in El Salvador, even fully vaccinated travelers may be at risk for getting and spreading COVID-19 variants and should avoid nonessential travel to El Salvador."[4] Consequently, defendant does not establish that his risk of exposure to COVID-19 would be significantly reduced if he were released to ICE custody or deported to El Salvador.

Defendant demonstrates no extraordinary and compelling reasons warranting a compassionate release in this case.  However, even assuming extraordinary and compelling reasons were shown, the applicable sentencing factors under 18 U.S.C. § 3553(a) would strongly weigh against the granting of relief, as shown below.

### *Sentencing Factors*

Defendant does not demonstrate that the applicable factors set forth under 18 U.S.C. § 3553(a) weigh in favor of an early release. These factors include, as applicable:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020); 18 U.S.C. § 3553(a).

Defendant pleaded guilty to aiding and abetting, the possession with intent to distribute a controlled substance, namely 50 grams or more of methamphetamine.  The Court

---

[4]*See* https://wwwnc.cdc.gov/travel/notices/covid-3/coronavirus-el-salvador (accessed on June 2, 2021).

sentenced him to 135 months' incarceration in October 2018, of which he has served less than 25% of the sentence imposed.  He is an undocumented illegal alien without legal status to remain in the United States, is subject to a pending immigration detainer, and would be detained by ICE officials for deportation to El Salvador if released from prison.

Defendant's sentence was appropriate under the guidelines in light of his confessed criminal activities.  Reducing by 75% the sentence imposed by this Court would result in a sentence that falls substantially below what Congress deemed appropriate for similarly situated defendants under the guidelines.  The Court finds that reducing defendant's sentence to time served would not promote respect for the law, provide just punishment, or afford adequate deterrence.

Consideration of the applicable sentencing factors leads this Court to conclude that relief under 18 U.S.C. § 3582(C)(1)(A) would not be merited in this case.

### Conclusion

Defendant's motion for a compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 117) is DENIED WITHOUT PREJUDICE.

Signed at Houston, Texas, on June  4 , 2021.

Gray H. Miller
Senior United States District Judge

8